KARIN G. PAGNANELLI (174763)
  kgp@msk.com
MARC E. MAYER (190969)
  mem@msk.com
DANIEL A. KOHLER (285501)
  dxk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiff
Blizzard Entertainment, Inc.

Christopher W. Arledge (200767)
carledge@onellp.com
Peter R. Afrasiabi (193336)
pafrasiabi@onellp.com
ONE LLP
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, California 92660
Telephone:  (949) 502-2870
Facsimile:  (949) 258-5081

Lance C. Venable (Pro Hac Vice)
lancev@vclmlaw.com
VENABLE, CAMPILLO, LOGAN &
MEANEY, P.C
1938 East Osborn Road
Phoenix, Arizona 85016
Telephone:  (602) 631-9100
Facsimile:  (602) 631-4529

Attorneys for Defendants
Ceiling Fan Software, LLC, Brian
Becker. and Stanton Fraser

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC,, a Delaware Corporation,<br><br>            Plaintiff,<br><br>       v.<br><br>CEILING FAN SOFTWARE, LLC, an Ohio Limited Liability Company; BRIAN BECKER, an individual; STANTON FRASER, an individual; and DOES 1 through 10,<br><br>            Defendants. | CASE NO.  12-0144 JVS (JPRx)<br><br>Honorable James V. Selna<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Blizzard Entertainment, Inc. ("Blizzard") and Defendants Ceiling Fan Software, LLC, Brian Becker, and Stanton Fraser ("Defendants") (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate to an order for entry of judgment and permanent injunction as follows:

1.      Judgment will be entered against Defendants for $7,000,000.

2.      Defendants and all persons acting under Defendants' direction, supervision, and/or control (including but not limited to Defendants' authorized agents, representatives and employees), will immediately and permanently cease and desist from:

A.      Selling, reselling, distributing, reproducing, sharing, transferring, processing payments for, licensing, activating, or otherwise disseminating or making available to the public in any manner (directly or indirectly) the software programs known as "Pocket Gnome," "Pocket Goblin," "Shadow Bot," "Shadow Goblin" or any "bot," hack, "cheat" or other software product whose use violates Blizzard's Battle.net, World of Warcraft, or other Terms of Use ("ToU") or End-User License Agreement ("EULA") (collectively, "the Software");

B.      Developing, creating, modifying, updating, testing, or patching the Software;

C.      Obtaining, possessing, accessing, or using the Software;

D.      Operating, hosting, serving, or linking to any website designed to provide information to assist others in developing, obtaining, or using any product whose use violates Blizzard's ToU or EULA, including but not limited to the Software;

E.      Knowingly assisting, facilitating, or enabling any persons or entities, directly or indirectly, to engage in any of the activities prohibited by the foregoing Paragraphs 2(A) through 2(D); and

F.      Investing or holding any financial interest in any enterprise that Defendants know is now, or planning in the future, to engage in any of the activities prohibited by the foregoing Paragraphs 2(A) through 2(D).

3.      Defendants will take all necessary steps to immediately disable, and deactivate all active licenses for, the Software.

4.      Defendants, and all persons under Defendants' direction, supervision, and/or control are prohibited from transferring or assigning the Software or its source code, to any individual or entity other than Blizzard, including by making available or uploading the software to Google Code, or otherwise "open sourcing" the source code for the Software.

5.      Defendants irrevocably and fully waive notice of entry of the Judgment and Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction and understand, confirm, and agree that violation of the Permanent Injunction will expose Defendants to all penalties provided by law, including contempt of Court.

Mitchell
Silberberg &
Knupp LLP

5603188.2

2

6.     If Defendants proceed with, and are successful in an appeal of any issues based on this judgment as to liability or damages, Blizzard will not assert that the Defendants waived any rights to oppose Blizzard's motions in limine including the motion to exclude the Defendants' expert witness.

7.     Nothing contained in this Judgment will limit the right of Blizzard to seek relief, including without limitation, damages, for all violations of Blizzard's TOU and EULA by Defendants occurring after the date of this Judgment.

8.     Any company or entity that Defendants own or operate in the future will also comply with the provisions of this Judgment and Permanent Injunction.

9.     This Permanent Injunction will be deemed to have been served upon Defendants at the time of its execution by the Court.

10.     The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, under the Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Judgment and Permanent Injunction against Defendants.

//
//
//
//
//
//
//
//
//

Mitchell
Silberberg &
Knupp LLP

5603188.2

3

11.   The Court will retain jurisdiction of this action to entertain any further proceedings and to enter any further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment and Permanent Injunction.

IT IS SO STIPULATED.

DATED:  October 11, 2013          MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
     Marc E. Mayer
     Attorneys for Plaintiff
     Blizzard Entertainment, Inc.

DATED:  October 11, 2013          VENABLE, CAMPILLO, LOGAN &
MEANEY, P.C.

By: /s/ Lance. C. Venable
     Lance C. Venable
     Attorneys for Defendants

## Attestation Regarding Signatures

I, Marc E. Mayer, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  October 11, 2013          /s/ Marc E. Mayer
     Marc E. Mayer

Mitchell
Silberberg &
Knupp LLP

5603188.2

4