KARIN G. PAGNANELLI (174763)
  kgp@msk.com
MARC E. MAYER (190969)
  mem@msk.com
DANIEL A. KOHLER (285501)
  dxk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiff
Blizzard Entertainment, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., a Delaware Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>CEILING FAN SOFTWARE, LLC, an Ohio Limited Liability Company; BRIAN BECKER, an individual; STANTON FRASER, an individual; and DOES 1 through 10,<br><br>          Defendants. | Case No. 12-0144 JVS (JPRx)<br><br>The Honorable James V. Selna<br><br>**PERMANENT INJUNCTION** |

Mitchell
Silberberg &
Knupp LLP

5569607.2

IT IS HEREBY ORDERED that Defendants Ceiling Fan Software, LLC, Brian Becker, and Stanton Fraser (collectively, "Defendants"), and all persons acting under Defendants' direction, supervision, and/or control (including but not limited to Defendants' agents, representatives and employees), hereby are permanently enjoined as follows:

1. Defendants shall immediately and permanently cease and desist from:

    A. Selling, reselling, distributing, reproducing, sharing, transferring, processing payments for, licensing, activating, or otherwise disseminating or making available to the public in any manner (directly or indirectly) the software programs known as "Pocket Gnome," "Pocket Goblin," "Shadow Bot," "Shadow Goblin" or any "bot," hack, "cheat" or other software product whose use violates Blizzard's Battle.net, World of Warcraft, or other Terms of Use ("ToU") or End-User License Agreement ("EULA").

    B. Developing, creating, modifying, updating, testing, or patching the software programs known as "Pocket Gnome," "Pocket Goblin," "Shadow Bot," "Shadow Goblin" or any "bot," hack, "cheat," or other software product whose use violates Blizzard's ToU or EULA.

    C. Obtaining, possessing, accessing, or using the software programs known as "Pocket Gnome," "Pocket Goblin," "Shadow Bot" or "Shadow Goblin" or any "bot," hack, "cheat," or other software product whose use violates Blizzard's ToU or EULA.

D. Operating, hosting, serving, or linking to any website designed to provide information to assist others in developing, obtaining, or using any "bot," hack, "cheat," or other software product whose use violates Blizzard's ToU or EULA, including but not limited to the software programs known as "Pocket Gnome," "Pocket Goblin," "Shadow Bot" or "Shadow Goblin."

E. Knowingly assisting, facilitating, or enabling any persons or entities, directly or indirectly, to engage in any of the activities prohibited by this Paragraph.

F. Investing or holding any financial interest in any enterprise which Defendants know is now, or planning in the future, to engage in any of the activities prohibited by this Paragraph;

2. Defendants shall take all necessary steps to immediately disable, and deactivate all active licenses for, the software programs known as "Pocket Gnome," "Pocket Goblin," "Shadow Bot" and "Shadow Goblin."

3. Defendants hereby are prohibited from transferring or assigning the software programs known as "Pocket Gnome," "Pocket Goblin," "Shadow Bot" or "Shadow Goblin," or their source code, to any individual or entity other than Blizzard, including by making available or uploading the software to Google Code, or otherwise "open sourcing" the source code for the foregoing software products;

4. Any company or entity that Defendants own or operate in the future shall also comply with the provisions of this Permanent Injunction.

Mitchell Silberberg & Knupp LLP

5569607.2

2

5.    This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

6.    The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Permanent Injunction against Defendants.

7.    The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Permanent Injunction.

IT IS SO ORDERED.

DATED: October 17, 2013

By: *[signature]*
The Honorable James V. Selna
United States District Judge