JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC,, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CEILING FAN SOFTWARE, LLC, an Ohio Limited Liability Company; BRIAN BECKER, an individual; STANTON FRASER, an individual; and DOES 1 through 10,<br><br>Defendants. | CASE NO.  12-0144 JVS (JPRx)<br><br>Honorable James V. Selna<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

5605940.2

Plaintiff Blizzard Entertainment, Inc. ("Blizzard") and Defendants Ceiling Fan Software, LLC, Brian Becker, and Stanton Fraser ("Defendants") (collectively, the "Parties"), having entered into a Stipulation for Entry of Judgment and Permanent Injunction,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Judgment is entered against Defendants for $7,000,000.

2. Defendants and all persons acting under Defendants' direction, supervision, and/or control (including but not limited to Defendants' authorized agents, representatives and employees), will immediately and permanently cease and desist from:

    A. Selling, reselling, distributing, reproducing, sharing, transferring, processing payments for, licensing, activating, or otherwise disseminating or making available to the public in any manner (directly or indirectly) the software programs known as "Pocket Gnome," "Pocket Goblin," "Shadow Bot," "Shadow Goblin" or any "bot," hack, "cheat" or other software product whose use violates Blizzard's Battle.net, World of Warcraft, or other Terms of Use ("ToU") or End-User License Agreement ("EULA") (collectively, "the Software");

    B. Developing, creating, modifying, updating, testing, or patching the Software;

    C. Obtaining, possessing, accessing, or using the Software;

1

    D.    Operating, hosting, serving, or linking to any website designed to provide information to assist others in developing, obtaining, or using any product whose use violates Blizzard's ToU or EULA, including but not limited to the Software;

    E.    Knowingly assisting, facilitating, or enabling any persons or entities, directly or indirectly, to engage in any of the activities prohibited by the foregoing Paragraphs 2(A) through 2(D); and

    F.    Investing or holding any financial interest in any enterprise that Defendants know is now, or planning in the future, to engage in any of the activities prohibited by the foregoing Paragraphs 2(A) through 2(D).

3.    Defendants will take all necessary steps to immediately disable, and deactivate all active licenses for, the Software.

4.    Defendants, and all persons under Defendants' direction, supervision, and/or control are prohibited from transferring or assigning the Software or its source code, to any individual or entity other than Blizzard, including by making available or uploading the software to Google Code, or otherwise "open sourcing" the source code for the Software.

5.    Defendants irrevocably and fully waive notice of entry of the Judgment and Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction and understand, confirm, and agree that

5605940.2

violation of the Permanent Injunction will expose Defendants to all penalties provided by law, including contempt of Court.

6. If Defendants proceed with, and are successful in an appeal of any issues based on this judgment as to liability or damages, Defendants shall not be deemed to have waived their right to oppose Blizzard's motions in limine including the motion to exclude the Defendants' expert witness.

7. Nothing contained in this Judgment will limit the right of Blizzard to seek relief, including without limitation, damages, for all violations of Blizzard's TOU and EULA by Defendants occurring after the date of this Judgment.

8. Any company or entity that Defendants own or operate in the future shall be bound by the provisions of this Judgment and Permanent Injunction.

9. This Permanent Injunction will be deemed to have been served upon Defendants at the time of its execution by the Court.

10. The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, under the Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Judgment and Permanent Injunction against Defendants.

//
//
//
//
//
//

3

5605940.2

1  11. The Court will retain jurisdiction of this action to entertain any further
2  proceedings and to enter any further orders as may be necessary or appropriate to
3  implement and enforce the provisions of this Judgment and Permanent Injunction.

6  IT IS SO ORDERED.

8  DATED: October 18, 2013

_____
The Honorable James V. Selna
United States District Judge

4